# Exhibit A

4/27/2017 2:51:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16708019
By: KATINA WILLIAMS
Filed: 4/27/2017 2:51:57 PM

CAUSE NO. 201725777

RECEIPT NO. 0.00 CIV
********** TR # 73365366

PLAINTIFF: SAUCEDA, FERNANDO
vs.
DEFENDANT: NATIONWIDE GENERAL INSURANCE COMPANY

In The 152nd
Judicial District Court
of Harris County, Texas
152ND DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONAL GENERAL INSURANCE COMPANY MAY BE SERVED BY SERVING ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STE 620 AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 18th day of April, 2017, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 21st day of April, 2017, under my hand and seal of said Court.

Issued at request of:
ZARGHOUNI, MATTHEW MEHRAN
7322 SOUTHWEST FREEWAY, SUITE 1965
HOUSTON, TX 77074
Tel: (713) 333-5533
Bar No.: 24086085

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: LEMON, JUSTINA VERNELL
EGZ//10661904

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.
Executed at (address) _____ in
_____ County at _____ o'clock ___.M., on the _____ of _____,
_____, by delivering to _____, in person, a
true copy of this Citation together with the accompanying copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
of _____ County, Texas

By _____
Affiant                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P                    *73365366*

SGO-2017000402

# AFFIDAVIT OF SERVICE

**State of Texas**  **County of Harris**  **152nd Judicial District Court**

Case Number: 2017-25777

Plaintiff:
**Fernando Sauceda, et al**

vs.

Defendant:
**Nationwide General Insurance Company, et al**

For:
Zar Law Firm
7322 Southwest Freeway
Ste. 1965
Houston, TX 77074

Received by Austin Process LLC on the 25th day of April, 2017 at 2:34 pm to be served on **Nationwide General Insurance Company by serving its registered agent, Corporation Service Company, 211 E 7th St, Ste 620, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **26th day of April, 2017 at 3:00 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** with the date of service endorsed thereon by me, to: **Sue Vertrees, Corporation Service Company** as **Authorized Agent** at the address of: **211 E. 7th Street, Ste. 620, Austin, TX 78701** on behalf of **Nationwide General Insurance Company**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 26th day of April, 2017 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

Mike Techow
SCH-1215, Exp. 7/31/17

Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071

Our Job Serial Number: MST-2017003571
Ref: Sauceda v Nationwide

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1e

Case 4:17-cv-01550 Document 1-1 Filed in TXSD on 05/22/17 Page 4 of 17

4/18/2017 10:23:17 AM
Chris Daniel - District Clerk Harris County
Envelope No. 16506180
By: Rayshana Alexander
Filed: 4/18/2017 10:23:17 AM

**2017-25777 / Court: 152**

CAUSE NO. _____

| | | |
|---|---|---|
| FERNANDO SAUCEDA AND MARIA SAUCEDA | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| NATIONWIDE GENERAL INSURANCE COMPANY AND ERNADA KARAJIC | § § § § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Fernando Sauceda and Maria Sauceda ("Plaintiffs"), and file this **Plaintiffs' Original Petition** complaining of Nationwide General Insurance Company and Ernada Karajic, (or collectively, "Defendants"), and for cause of action, Plaintiffs would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2. Plaintiffs, Fernando Sauceda and Maria Sauceda, are individuals residing in Harris County, Texas at 1302 Farhills Ct., Houston, Texas 77090.

3. Defendant, Nationwide General Insurance Company, is an insurance company doing business in Texas and may be served as follows: Corporation Service Company 211 E 7th St Ste 620, Austin, TX 78701.

4. Defendant, Ernada Karajic, is an adjuster in the course and working scope of

1

employment with Nationwide General Insurance Company. Ernada Karajic can be served at the residential address listed with the Texas Department of Insurance: 325 SE Cardinal Ln Waukee, IA 50263. Plaintiff requests service at this time.

## C. JURISDICTION

5. The Court has jurisdiction over Nationwide General Insurance Company because Nationwide General Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Ernada Karajic because Ernada Karajic is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Ernada Karajic's business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9. Whenever in this petition it is alleged that Nationwide General Insurance Company did any act or omission, it is meant that Nationwide General Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Nationwide General Insurance Company or done in the normal

routine, course, and scope of the agency or employment of Nationwide General Insurance Company or its agents, officers, servants, employees, or representatives.

### G. FACTS

10. Plaintiffs are named insureds under a property insurance policy—78 42 HO 866825 (the "Policy")—issued by Nationwide General Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiffs' property, namely, the real property and improvements located at 1302 Farhills Ct., Houston, Texas 77090 (the "Property").

11. On or about 04/26/2016, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the roof, ceilings, and fence.

12. Shortly after the storm, Plaintiffs noticed damage to Plaintiffs' home. Plaintiffs contacted Nationwide General Insurance Company to notify Nationwide General Insurance Company of the damage.

13. Plaintiffs submitted a claim, 943594-GD, to Nationwide General Insurance Company against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiffs asked that Nationwide General Insurance Company honor its contractual obligations to cover the cost of repairs to Plaintiffs' home.

15. Nationwide General Insurance Company assigned Ernada Karajic to adjust the claim. Defendants, Nationwide General Insurance Company and Ernada Karajic, conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation. Ernada Karajic failed to fully inspect all damage to the property.

3

16. Despite obvious, visible storm damage, Ernada Karajic, on his own behalf and on behalf of Nationwide General Insurance Company verbally misrepresented to Plaintiffs at the time of the inspection that the Property had minimal wind damage. Ernada Karajic repeated this misrepresentation, again on his own behalf and on behalf of Nationwide General Insurance Company, in a letter to Plaintiffs dated 10/15/2016.

17. Together, Defendants Nationwide General Insurance Company and Ernada Karajic set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the property.

18. Defendant Nationwide General Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiffs. Nationwide General Insurance Company's conduct constitutes a breach of the insurance contract between Nationwide General Insurance Company and Plaintiffs.

19. Even though Plaintiffs' property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiffs that the Policy provided coverage to Plaintiffs for some of the damage, thus falsely claiming Plaintiffs' home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

4

21. Defendants refused to adequately compensate Plaintiffs under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

22. Defendants failed to offer Plaintiffs a reasonable explanation for why Plaintiffs' claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendant, Nationwide General Insurance Company, failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant, Nationwide General Insurance Company, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant, Nationwide General Insurance Company, has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for Plaintiffs' claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. Since the time Plaintiffs' claim was presented to Defendant Nationwide General Insurance Company, the liability of Nationwide General Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Nationwide

General Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Nationwide General Insurance Company's duty of good faith and fair dealing.

27. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiffs.

28. To date, Plaintiffs have yet to receive full payment for the damages to which Plaintiffs are entitled under the Policy. Plaintiffs have suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiffs' claim also caused a delay in Plaintiffs' ability to fully repair his property, resulting in additional damages.

## H. CAUSES OF ACTION

**I. BREACH OF CONTRACT** (AGAINST Nationwide General Insurance Company)

29. Defendant Nationwide General Insurance Company had a contract of insurance with Plaintiffs. Plaintiffs met or performed all conditions precedent under the contract. Nationwide General Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiffs were damaged thereby.

30. Defendant Nationwide General Insurance Company is therefore liable to Plaintiffs for breach of contract.

**II. PROMPT PAYMENT OF CLAIMS STATUTE** (AGAINST Nationwide General Insurance Company)

31. Plaintiffs' claim is a claim under an insurance policy with Defendant Nationwide General Insurance Company, of which Plaintiffs gave Nationwide General Insurance Company proper notice. Nationwide General Insurance Company is liable for the claim.

32. Defendant Nationwide General Insurance Company violated the prompt payment

of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiffs all items, statements, and forms Nationwide General Insurance Company reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the claim following Nationwide General Insurance Company's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant Nationwide General Insurance Company is therefore liable to Plaintiffs for damages. In addition to Plaintiffs' claim for damages, Plaintiffs are further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

### III. UNFAIR SETTLEMENT PRACTICES/BAD FAITH (AGAINST ALL DEFENDANTS)

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT Nationwide General Insurance Company**

37. Defendant Nationwide General Insurance Company engaged in unfair settlement practices by misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide General Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Nationwide General Insurance Company's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm

or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Nationwide General Insurance Company and was a producing cause of Plaintiffs' damages. Nationwide General Insurance Company is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

**DEFENDANT** Ernada Karajic

39. Defendant Ernada Karajic was a contractor and/or adjuster assigned by Ernada Karajic to assist with adjusting the claim. Ernada Karajic was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40. Ernada Karajic was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiffs' Property.

41. Ernada Karajic conducted a substandard, results-oriented inspection of the Property.

42. As such, Ernada Karajic failed to discover covered damages and/or fully quantify covered damages to Plaintiffs' Property, as the Policy and Texas law require.

43. Further, Ernada Karajic misrepresented material facts to Plaintiffs, that is, the existence and true value of Plaintiffs' covered losses. Additionally, Ernada Karajic failed to provide Plaintiffs with a reasonable explanation as to why Ernada Karajic was not compensating

Plaintiffs for the covered losses, or the true value thereof.

44. Thus, Ernada Karajic engaged in unfair settlement practices by: misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Nationwide General Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiffs' claim. Each of the aforementioned unfair settlement practices was committed knowingly by Ernada Karajic and was a producing cause of Plaintiffs' damages. Ernada Karajic is therefore liable to Plaintiffs for engaging in such unfair settlement practices and causing Plaintiffs' damages.

## IV. DTPA VIOLATIONS (AGAINST ALL DEFENDANTS)

45. Each of the foregoing paragraphs is incorporated by reference here fully.

46. At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

48. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiffs into a transaction Plaintiffs would not have entered

into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiffs' claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49. As a result of Defendants' violations of the DTPA, Plaintiffs suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiffs for violations of the DTPA.

50. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (AGAINST Nationwide General Insurance Company)

51. Defendant Nationwide General Insurance Company breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the claim when Nationwide General Insurance Company knew or should have known liability was reasonably clear. Nationwide General Insurance Company's conduct proximately caused Plaintiffs' damages.

52. Defendant Nationwide General Insurance Company is therefore liable to Plaintiffs.

## VI. ATTORNEY'S FEES

53. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against

Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54. Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56. Plaintiffs are additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

57. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### J. DAMAGES

58. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

59. As previously mentioned, the damages caused by the 04/26/2016 storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

60. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices,

Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiffs are entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As

required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking monetary relief of less than $75,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

67. Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

68. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## N. REQUEST FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all court

costs on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs are justly entitled.

                                               Respectfully submitted,

                                               **ZAR LAW FIRM**

                                               */s/Matthew M. Zarghouni*
                                               Matthew Zarghouni
                                               State Bar No. 24086085
                                               7322 Southwest Fwy, Suite 1965
                                               Houston, Texas 77074
                                               Office: (713) 333-5533
                                               Fax: (832) 448-9149
                                               Matt@zar-law.com

                                               **ATTORNEY FOR PLAINTIFFS**